IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILL E. ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 05-553-JJF |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) |

### O R D E R

In November 1999, Petitioner Will E. Rogers, S.B.I. #120298, filed his first Application for federal habeas relief, challenging his January 20, 1993 guilty plea and his August 1994 sentence for robbery and assault. He alleged that the state court's denial of a "retrospective competency hearing constituted an abuse of discretion" in light of the "evidence raising [a] bona fide doubt as to his competency." Rogers v. Snyder, 2001 WL 652032, at *3 (D. Del. May 9, 2001). The Court[1] denied Petitioner's first habeas Application as time-barred. Id. at *4.

On August 1, 2005, Petitioner instituted the present action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[2] (D.I. 2.) Petitioner's current Application also

---

[1]Petitioner's first habeas proceeding was assigned to the Honorable Sue L. Robinson. The instant proceeding was assigned to the undersigned on August 10, 2005.

[2]Petitioner was incarcerated at the Delaware Correctional Center in Smyrna, Delaware when he filed the instant petition. Petitioner is currently at the Central Violation of Probation Building in Smyrna, Delaware.

challenges his January 20, 1993 guilty plea and his August 1994 sentence, asserting that: (1) his due process rights were violated because he was denied a "fair and conscientious hearing to determine his competency"; (2) his Fifth Amendment and Sixth Amendment rights were violated because his interrogation by the police was videotaped without his knowledge and used to impeach him during his competency hearing; (3) the trial judge abused his discretion by refusing to permit Petitioner to withdraw his guilty plea; and (4) his counsel provided ineffective assistance. (D.I. 2.)

Pursuant to § 2244(b)(1) of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive if a prior application has been decided on the merits, and the prior and subsequent applications challenge the same conviction. C.f. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition").

Here, both of Petitioner's § 2254 Applications challenge the same January 20, 1993 guilty plea and August 1994 sentence. His new Application re-asserts the claim he raised in his 1999 Application, and also asserts three new claims. The Petitioner's first Application was dismissed as time-barred, which constitutes an adjudication on the merits. See Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003)(Holding that "a statute of limitations bar is not a curable technical or proceudural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Thus, Petitioner's new Application is a second or successive application within the meaning of 28 U.S.C. § 2244.

The record is clear that Petitioner has not obtained leave from the Court of Appeals for the Third Circuit to file his new Application. The Court will therefore dismiss Petitioner's new Application pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction. However, to assist Petitioner in applying for leave to file a successive application, the Court has attached the appropriate forms to this Order.

THEREFORE, at Wilmington this  31  day of August, 2005; IT IS ORDERED that:

1. Petitioner Will E. Roger's Application for Habeas Corpus Relief filed pursuant to 28 U.S.C. § 2254 is DISMISSED and the writ is DENIED. (D.I. 2.)

2. Petitioner's Application to Proceed In Forma Pauperis is GRANTED. (D.I. 1.)

3. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

4. To assist Petitioner in applying for leave to file a successive habeas application, the Clerk shall attach the appropriate forms to this Order.

5. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the Clerk shall forthwith serve a copy of the Application and this Order upon: (1) the above-named Warden of the facility in which Petitioner is housed; and (2) the Attorney General for the State of Delaware.

6. The Clerk shall also send a copy of this Order with

the attached forms to the Petitioner at his address on record.

                                                                                           _/s/ Joseph J. Farnan_

                                                                           United States District Court